USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

Plaintiff(s),

-against-

JOHN DOE, subscriber assigned IP address 141.155.129.219,

Defendant(s).

26-CV-09571 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Strike 3 Holdings, LLC filed this copyright infringement action on November 2, 2026, against a John Doe defendant known only by his or her alleged Internet Protocol ("IP") address, 141.155.129.219. *See* Complaint, Dkt. No. 1. Plaintiff moves for leave to file a third-party subpoena upon Defendant's Internet Service Provider ("ISP"), Verizon Fios, prior to a conference mandated by Rule 26(f) of the Federal Rules of Civil Procedure, seeking to identify the name and address associated with the IP address. *See* Mot. for Discovery, Dkt. No. 6; Pl.'s Mem. of Law, Dkt. No. 7.

Under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," with an exception for when such early discovery is authorized by court order. In determining whether to authorize early discovery in this case, the Court assesses Plaintiff's motion under a "flexible standard of reasonableness and good cause, applying particularly careful scrutiny since plaintiff not only seeks expedition, but also moves on an *ex parte* basis." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *see also Pearson Educ., Inc. v. Doe*, No. 12-cv-04786 (BSJ) (KNF), 2012 WL 4832816, at *3–4 (S.D.N.Y. Oct. 1, 2012) (collecting cases); Local Civil Rule 6.1(d) (*ex parte* orders will not be granted "except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary.").

Many courts in this District, including this one, have already addressed the issues raised by Plaintiff's motion, including other cases involving Plaintiff. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-05850 (VEC), 2022 WL 4240156, at *1 (S.D.N.Y. Aug. 1, 2022) (collecting cases); *Strike 3 Holdings, LLC v. Doe*, No. 19-cv-05818 (AT) (JLC), 2019 WL 5459693, at *1–4 (S.D.N.Y. Oct. 9, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 26-cv-07154 (MMG), (S.D.N.Y. Sept. 16, 2026), Dkt. No. 7. For the reasons stated in those opinions, the Court finds that Plaintiff has established good cause to serve a third-party subpoena on Defendant's ISP, and to do so prior to a Rule 26(f) conference. In particular, the Court notes that Plaintiff seeks only Defendant's "true name and address," which constitute a limited set of specific facts that are necessary to the prosecution of Plaintiff's case. *See* Proposed Order, Dkt. No. 6-1; *see also Malibu Media, LLC v. Doe*, No. 15-cv-03137 (LGS), (S.D.N.Y. May 28, 2015), Dkt. No. 13, at

1. Moreover, without this discovery, Plaintiff appears unable to ascertain the identity of the Defendant or to effect service upon him or her.

The Court also notes that Plaintiff does not object to the issuance of an appropriate protective order in connection with the requested leave to serve the third-party subpoena. *See* Pl.'s Mem. of Law, Dkt. No. 7, at 9. Such orders have been entered in previous cases involving similar claims, given the privacy concerns arising from the nature of the copyrighted material at issue and the risk of false identification by an ISP. *See, e.g.*, *Strike 3 Holdings, LLC*, 2022 WL 4240156, at *1.

For the foregoing reasons, the Court GRANTS Plaintiff's motion subject to the protective order below:

It is hereby ORDERED that:

1. Defendant may proceed anonymously as "John Doe" in this action unless and until the Court orders otherwise.

2. Plaintiff may not initiate settlement discussions prior to service of the Complaint without leave of this Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

3. Plaintiff may immediately serve a Rule 45 subpoena on the ISP seeking *only* the name and address of the Defendant to whom the ISP assigned the IP address set forth in the Complaint in this action. Plaintiff is *not* permitted to subpoena the Defendant's telephone number or email address. The subpoena must attach a copy of this Order, along with the attached "Notice to Defendant." Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other ISP that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. The ISP shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon it to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the attached "Notice to Defendant." The ISP may serve Defendant using any reasonable means, such as written notice to a last known address, transmitted either by first-class mail or via overnight service.

5. Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena). **The ISP may *not* turn over Defendant's information to Plaintiff prior to the close of this 60-day period.** Additionally, if Defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Plaintiff until the issue has been resolved and the Court has issued an order instructing the ISP to resume in turning over the requested discovery.

6. If that second 60-day period closes without Defendant or the ISP contesting the

subpoena, the ISP shall then have 10 days to produce the information responsive to the subpoena to Plaintiff. If Defendant moves to quash or to modify the subpoena, or to proceed anonymously, he or she shall, at the same time as his or her filing, notify the ISP so the ISP is on notice not to release Defendant's information to Plaintiff until the Court rules on any such motions.

7. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

8. Any ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

9. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its Complaint.

Plaintiff is directed to file a status letter with the Court no later than **March 22, 2027**. The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 6.

Dated: November 23, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge